IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY LAMONT TAYLOR,<br><br>        Petitioner,<br><br>     v.<br><br>A. HEDGEPATH, et al.<br><br>        Respondents.<br>_____/ | No. C-11-5088 TEH (PR)<br><br>ORDER OF DISMISSAL; GRANTING PETITIONER'S REQUEST TO PROCEED <u>IN FORMA PAUPERIS</u><br><br><br><br><br>Doc. #3 |

      Petitioner Jeffrey Lamont Taylor, a state prisoner incarcerated at California State Prison - Corcoran, has filed a writ of habeas corpus under 28 U.S.C. § 2254, challenging prison conditions.  Specifically, Petitioner alleges that prison officials were deliberately indifferent to his medical needs in violation of his constitutional rights under the Eighth Amendment and the Fourteenth Amendment.  Doc. #1 at 3-4.  The Petition also contains allegations that Petitioner's legal files were discarded, that prison officials retailed against Petitioner for his use of the grievance system, and that prison officials falsified medical reports.  Petitioner also seeks leave to proceed <u>in forma pauperis</u>

under 28 U.S.C. § 1915.  Doc. #3

Good cause appearing, Petitioner's application to proceed <u>in forma pauperis</u> is GRANTED.  Doc. #3

Petitioner's challenges to the conditions of his confinement are DISMISSED WITHOUT PREJUDICE to filing a civil rights complaint under 42 U.S.C § 1983.  Although the Supreme Court has not addressed whether a challenge to a condition of confinement may be brought under habeas, <u>see</u> <u>Bell v Wolfish</u>, 441 US 520, 526 n6 (1979), the Ninth Circuit has held that habeas jurisdiction is absent, and a Section 1983 action proper, where, as here, a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.  <u>See</u> <u>Ramirez v Galaza</u>, 334 F.3d 850, 859 (9th Cir. 2003); <u>see also</u> <u>Badea v Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); <u>Crawford v Bell</u>, 599 F.2d 890, 891-92 & n1 (9th Cir 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

A certificate of appealability will be denied with respect to Petitioner's claim.  <u>See</u> 28 U.S.C. § 2253(c)(1)(a); Rules Governing Habeas Corpus Cases Under § 2254, Rule 11 (requiring district court to issue or deny certificate of appealability when entering final order adverse to petitioner).  Specifically, Petitioner has failed to make a substantial showing of the denial of a constitutional right, as he has not demonstrated that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484

2

1 (2000).

2 The Clerk shall terminate any pending motions as moot,
3 enter judgment in accordance with this order and close the file.
4 IT IS SO ORDERED.

6 DATED     *01/11/2012*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.11\Taylor-11-5088-dism-hc-as-cr.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY LAMONT TAYLOR,

       Plaintiff,

  v.

A. HEDGEPATH et al,

       Defendant.

Case Number: CV11-05088 TEH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 12, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jeffrey Lamont Taylor #:D-41759
California State Prison
(SHU, 4B-2L-27)
P.O. Box 3481
Corcoran, CA 93212

Dated: January 12, 2012

Richard W. Wieking, Clerk
By: Tana Ingle, Deputy Clerk